# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANE CHARLIE TOM,<br><br>　　　　Petitioner,<br>v.<br>JOHN HENLEY, *et al.*,<br><br>　　　　Respondents. | Case No. 3:24-cv-00396-MMD-CLB<br><br>ORDER |

## I.　SUMMARY

Petitioner Lane Charlie Tom filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) The Court issued an order to show cause directing Petitioner to demonstrate why this matter should not be dismissed as untimely. (ECF No. 5 ("OSC").) The Court now reviews Tom's response (ECF No. 6) to the OSC. The Court is inclined to appoint counsel, *sua sponte*, finding that appointment of counsel is in the interests of justice considering the lengthy sentence structure, the relatively complex potential issues related to equitable tolling, and the myriad of potential procedural obstacles presented under the circumstances. The Court will give Tom 30 days to file an objection to the appointment of counsel; otherwise, the Court will provisionally appoint counsel to undertake direct representation of Tom.

## II.　BACKGROUND

### A.　State Court Proceedings

Tom challenges his confinement for conviction and sentence imposed by the Sixth Judicial District Court for Humboldt County, Nevada.[1] On April 23, 2014, the state court entered a judgment of conviction for sexual assault with substantial bodily harm and first-

---

[1] The Court takes judicial notice of the online docket records of the Sixth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

degree kidnapping with substantial bodily harm. The state court sentenced Tom to an aggregated sentence of 25 years to life imprisonment. On January 14, 2015, the Nevada Supreme Court affirmed Tom's convictions on direct appeal. On February 1, 2016, Tom filed a state habeas petition seeking post-conviction relief. The state court denied his petition, and on April 16, 2020, the Nevada Supreme Court affirmed denial of relief. Remittitur issued on May 11, 2020.

### B. Prior Federal Proceeding

On February 2, 2022, Tom initiated a federal proceeding in this District in Case No. 3:22-cv-00061-MMD-CLB by filing a handwritten document stating that he was seeking rehearing under Fed. R. Civ. P. 60(b). He failed to pay the filing fee and apply for leave to proceed *in forma pauperis* ("IFP"). When he mailed the documents initiating that proceeding, he was housed in Lovelock Correctional Center ("LCC").

On February 18, 2022, the Court ordered Tom to pay the filing fee or submit an IFP application and directed that if Tom wished to pursue a habeas case, he must file a petition for writ of habeas corpus on the § 2254 form within 45 days of the date of the order; otherwise, the case would be dismissed without prejudice. The Court ordered the Clerk of Court to serve Tom with the appropriate forms and instructions and copies of the order. The Clerk of Court attempted to serve the order and accompanying forms and instructions on Tom at LCC. On February 22, 2022, the Court was notified that the February 18, 2022, order, and accompanying documents were undeliverable because Tom had been moved to Warm Springs Correctional Center ("WSCC").

On April 13, 2022, the Court issued an order directing Tom to comply with the requirements of the February 18, 2022, order not later than May 31, 2022, and to file a notice of change of address no later than May 13, 2022; otherwise, the case would be dismissed without prejudice and without further advance notice. The April 13, 2022, order also directed the Clerk of Court to resend to Tom, at WSCC, the February 18, 2022, order, and accompanying documents, along with the April 13, 2022, order. Service was instead attempted at LCC. On April 13, 2022, the Court received notice that service was

undeliverable because Tom was housed at WSCC. No attempt was made to serve Tom at WSCC. Tom did not comply with either the February 18 or April 13, 2022, orders.

On June 2, 2022, the Court dismissed the case because Tom failed to comply with the Court's February 18 and April 13, 2022, orders. The Clerk of Court attempted to serve the June 2, 2022, dismissal order on Tom at LCC. The Court received prompt notice that it was undeliverable because Tom was moved to Northern Nevada Correctional Center ("NNCC"). That same day, however, Tom refiled the same motion for rehearing that he filed when he initiated that case.

Almost two years later, on May 13, 2024, Tom filed an IFP application and a notice of change of address explaining that his delay was due to being "repeatedly transferred and . . . totally disoriented." The next day, the Court denied the IFP application, declined to reopen that action given Tom's inaction for nearly two years and his failure to file a petition, and stated that if Tom desires to pursue federal habeas relief, he must file a new case with a habeas petition and a new motion to proceed IFP.

### C. Current Federal Proceeding

On September 3, 2024, Tom initiated the present action by filing an IFP application and a federal petition for writ of habeas corpus on the proper form, alleging ineffective assistance of trial and appellate counsel. (ECF Nos. 1; 1-1.) The Petition states Tom was then housed at NNCC. (*Id.* at 11.) On October 22, 2024, the Court granted the IFP application and ordered Tom to show cause why his Petition should not be dismissed as untimely. (ECF No. 5.) Tom timely filed a response to the OSC, which includes notice that he has returned to LCC. (ECF No. 6.)

## III. DISCUSSION

In the OSC, the Court explained that the AEDPA clock for Tom's federal petition expired on July 24, 2020. (ECF No. 5 at 3.) It appears that Tom's first attempt to file a federal petition in Case No. 3:22-cv-00061-MMD-CLB, was made on February 2, 2022. Tom's second attempt, in the present case, was made on September 3, 2024. Absent another basis for tolling or delayed accrual, both of Tom's attempts to file a petition were

3

made after the AEDPA limitations period expired.

In his response to the OSC, Tom asserts that he failed to timely file the Petition because he had no counsel, did not know what to do or how to proceed, was "mentally disoriented," and he requests the Court consider excusable delay under the Federal Rules of Civil Procedure. (ECF No. 6 at 2-3.) He claims that he failed to timely comply with the Court's orders because he was repeatedly moved "beginning at LCC (Lovelock), to WSCC (Warm Springs), then to NNCC, then back to LCC, back to NNCC, now again back to LLC" where he is housed in "close-custody" i.e., administrative segregation. (ECF No. 6 at 2.) Although Tom's Petition is untimely, he arguably requests a finding that equitable tolling is warranted. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Upon review of the totality of the circumstances presented here, the Court is inclined to appoint counsel, *sua sponte*, to represent Tom, finding it is in the interests of justice considering the lengthy sentence structure, the relatively complex issues related to equitable tolling, and the myriad of potential procedural obstacles that Tom's situation presents. Before the Court appoints counsel, however, Tom will have 30 days from the date of entry of this order to file an objection to the appointment of counsel to represent him in this habeas matter. If Tom does not file an objection within 30 days from the date of entry of this order, the Court will provisionally appoint the Federal Public Defender ("FPD") as counsel to undertake direct representation of Tom. If the FPD is unable to represent Tom, the Court will appoint alternate counsel. Appointed counsel will represent Tom in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

### IV.   CONCLUSION

It is therefore ordered that Petitioner has satisfied the OSC (ECF No. 5) to the limited extent set forth in this order.

The Clerk of Court is directed to file the Petition (ECF No. 1-1).

It is further ordered that the Court will provisionally appoint counsel, *sua sponte*, to represent Petitioner in this habeas matter as described in this order, if Tom does not

timely object to the appointment.

It is further ordered that Petitioner has 30 days to file an objection to the Court's appointment of counsel to represent him in all federal proceedings related to this matter.

The Clerk of Court is further directed to serve a copy of this order on Tom at Lovelock Correctional Center.

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notice of electronic filing to the Nevada Attorney General's office only. The Court will issue an order setting a briefing schedule following the deadline for Tom to file an objection to the appointment of counsel. If counsel is appointed, the Court will set a deadline for the filing of an amended petition and/or seeking other relief after counsel has entered an appearance. The Court anticipates the deadline for filing an amended petition will be 90 days after entry of the formal order of appointment.

DATED THIS 5th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE