UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| LANE CHARLIE TOM,<br>Petitioner,<br>v.<br>JOHN HENLEY, *et al.*,<br>Respondents. | Case No. 3:24-cv-00396-MMD-CLB<br>ORDER |

## I. SUMMARY

Petitioner Lane Charlie Tom, a Nevada state prisoner, filed a First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 23 (“First Amended Petition”).) This habeas matter is before the Court on Respondents’ Motion to Dismiss (ECF No. 38 (“Motion”)) and Respondents’ Motion to Seal (ECF No. 37). For the reasons discussed below, the Court grants Respondents’ Motion and dismisses the First Amended Petition as time barred.

## II. PROCEDURAL HISTORY

Tom challenges a conviction and sentence imposed by the Sixth Judicial District Court for Humboldt County. On April 23, 2014, the state court entered a judgment of conviction for sexual assault with substantial bodily harm and first-degree kidnapping with substantial bodily harm. The state court sentenced Tom to life with parole after 10 years as well as a consecutive term of life with parole after 15 years. (ECF No. 31-7.) On January 14, 2015, the Nevada Supreme Court affirmed Tom’s conviction on direct appeal. (ECF No. 31-20.)

On February 1, 2016, Tom filed a state habeas petition seeking post-conviction relief. (ECF No. 32-1.) Following an evidentiary hearing, the state district court denied his state habeas petition. (ECF Nos. 33-1, 33-3.) On April 16, 2020, the Nevada Supreme

Court affirmed denial of relief. (ECF No. 34-23.) Remittitur issued on May 11, 2020. On September 3, 2024, Tom initiated this federal habeas proceedings. (ECF No. 1-1.) After Tom responded to the Court's order to show cause why the Court should not dismiss the case as untimely, the Court appointed counsel and Tom filed his First Amended Petition. (ECF Nos. 10, 23.)

Respondents move to dismiss the First Amended Petition as untimely and argue, in the alternative, that Ground 3 is unexhausted and procedurally defaulted. (ECF No. 38.) Tom asserts that he is entitled to equitable tolling based on the impact of COVID-19 restrictions, compounded with navigating his mental health, and the nature of his criminal conviction. (ECF No. 39.)

## III. DISCUSSION

The one-year statute of limitation under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is subject to equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the first requirement of equitable tolling, a petitioner must pursue his rights with "reasonable diligence," rather than "maximum feasible diligence." *Id.* at 653. "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc). "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.*

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this “extraordinary exclusion.” *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007). “[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy.'” *Smith*, 953 F.3d at 600.

A serious mental impairment can constitute an extraordinary circumstance. Tom must prove that he “was unable rationally or factually to personally understand the need to timely file” or that his “mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.” *Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010). He must show diligence in pursuing his claims “to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.” *Id*. at 1099-1100 (citations omitted); *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (“Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an ‘extraordinary circumstance beyond [his] control,’ and the deadline should be equitably tolled.”). The Court must consider whether the mental impairment made it impossible for Tom to timely file a habeas petition on his own. *See Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012).

Tom acknowledges that the AEDPA deadline to file his federal petition was July 23, 2020. (ECF No. 39 at 2.) Tom, however, argues that more than four years of equitable tolling is warranted because he experienced extensive prison lockdowns due to the COVID-19 pandemic from March 2020 through January 2023 as well as mental health and interpersonal struggles related to the nature of his criminal conviction.

Tom has not met the high threshold of demonstrating that extraordinary circumstances prevented him from litigating a federal habeas petition. Even applying a

flexible, totality of the circumstances approach to evaluating Tom's equitable tolling argument, in light of the particular circumstances of this case, there is no basis for equitable tolling. Even assuming COVID-19 prison restrictions constituted an extraordinairy circumstance that impeded Tom's ability to file his federal habeas petition until January 2023, he did not file his federal habeas petition until September 2024. As such, Tom has not demonstrated the diligence needed for the Court to find that equitable tolling is warranted.

While the Court recognizes that it may be more challenging to prepare a federal habeas petition with pandemic-related restrictions, Tom has not established that any pandemic related circumstances actually prevented him from filing his petition by demonstrating a causal link between pandemic related impediments—such as limited access to the law library, law clerks, and copying machines—and his inability to file the federal petition. *See Spytsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary" nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (explaining that the Ninth Circuit Court of Appeals has "rejected the argument that lack of access to library materials automatically qualified as grounds for equitable tolling").

In addition, this Court received filings from *pro se* petitioners incarcerated in the Nevada Department of Corrections during the pandemic, negating a finding that it was impossible for Tom to file legal documents. Tom fails to show that he exercised, or attempted to exercise, any reasonable diligence that was thwarted by the pandemic restrictions or that prevented him from mailing communications to and from the Court or that prevented him from otherwise pursuing his rights. He does not show that he submitted any grievance, inmate request forms, or complaints regarding a lack of access to the law library, to legal materials, or to the ability to file documents.

With respect to equitable tolling based on mental impairment, Tom has not shown,

due to his alleged and unspecified mental health issue, that he could not rationally or factually understand the need to timely file a federal petition or that his mental state was such that he was unable to prepare and file a habeas petition. *See Bills*, 628 F.3d at 1099. Tom's unsworn assertions that he "often struggles with mental health and the behavioral impacts it has on him," are inadequate to meet his burden. (ECF No. 39 at 6.) In addition, to the extent Tom contends he is entitled to equitable tolling based on the nature of his conviction, such arguments are similarly vague, conclusory, insufficient and/or inadequate to support the relief that Tom requests. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011).

Although the Court appreciates the difficulties that prisoners who represent themselves face, equitable tolling is allowed sparingly and there is no factual or legal basis for concluding that any extraordinary circumstance beyond Tom's control prevented him from filing the instant petition by its deadline. Thus, Tom is not entitlted to equitable tolling and the Court grants Respondents' Motion to Dismiss the First Amended Petition as time barred. As the Court holds that this action is barred by the statute of limitations, the Court need not address and declines to address the other arguments asserted, including exhaustion and procedural default.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA"). A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this Court's procedural ruling was correct. *See id.* Applying this standard, this Court finds that a certificate of appealability is unwarranted.

## V. MOTION TO SEAL

Respondents seek leave to file Tom's Presentence Investigation Report ("PSI") under seal as Exhibit 54 to their Motion. (ECF No. 37-1.) Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). Having reviewed and considered the matter in accordance with *Center for Auto Safety v. Chrysler Group., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Tom's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' Motion to Seal is granted and Exhibit 54 is considered properly filed under seal.

## VI. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 38) is granted. The First Amended Petition (ECF No. 23) is dismissed with prejudice as time barred.

It is further ordered that a certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal of the federal petition to be debatable or wrong, for the reasons discussed herein.

It is further ordered that Respondent's Motion to Seal (ECF No. 36) is granted. Exhibit 54 (ECF No. 37-1) is considered properly filed under seal.

It is further ordered that the Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 13th Day of November 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE